## PHELAN *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Superior Court of New York City, General Term.* March 5, 1889.)

MUNICIPAL CORPORATIONS—CONTRACT FOR GRADING STREET—TIME OF PERFORMANCE.
   A contract between a city and a street contractor provided that, on failure to complete the contract in a given time, certain sums should be retained by the city, and that in the computation of the time fixed for performance the total time "during which the work of completing the contract is delayed in consequence of any act or omission of [the city,] all of which shall be determined by said commissioner of public works, who shall certify to the same in writing, * * * shall be excluded." In an action by the contractor to recover the sum retained by the city, it did not appear that the commissioner of public works had refused to certify to the time of any delay. *Held*, that it was not error to refuse to submit to the jury the question whether there had been any delay caused by the city. Until there was an unreasonable refusal on the part of the commissioner, no other method of settling the facts to be determined by him could be resorted to.

Case submitted on agreed statement.

The complaint contains two causes of action,—one for $1,125, balance of contract price for grading One Hundred and Twelfth street; another for $5,000 damages for delaying plaintiff and his assignor in the performance of the contract for the grading. The defendant, in its answer, denies that the delay for which damages are claimed was caused by it, and says that it has a right to retain the $1,125 which plaintiff claims by reason of a clause contained in the contract, and which is mentioned in the opinion. The exceptions taken at the trial were ordered to be heard in the first instance at the general term, and judgment was suspended in the mean while.

Argued before SEDGWICK, C. J., and DUGRO. J.

*James A. Deering*, for plaintiff.   *E. Henry Lacombe*, for defendant.

DUGRO, J., (*after stating the facts as above.*)   In the case I find no exception to the granting of defendant's motion for a verdict, and therefore have not considered the question which would have been presented by such an exception.   This statement is made because the appellant, in his brief, seems to rely not a little upon error which he claims occurred by the direction of a verdict for the defendant. At the close of the case, it appears, the plaintiff asked that the case be allowed to go to the jury as to whether "the delay in the performance of this work on the part of the plaintiff, beyond the period specified in the contract, [320 days,] was not caused by the acts or negligence of the defendants in not removing the obstructions that were in the street, and their failure to do so, so as to enable the plaintiff to complete the work within the time specified in the contract; and as to whether, if the street had been obstructed when he was requested to commence work, he could not have completed it." This motion was denied, and the plaintiff's counsel excepted. The denial of this motion was not error, for the contract had been performed in all respects except as to time of performance. It was, by the terms of the

contract, provided that in the computation of the time fixed for performance "the total time  *.  *  *  during which the work of completing the contract is delayed in consequence of any act or omission of the parties of the first part, all of which shall be determined by said commissioner of public works, who shall certify to the same in writing,  *  *  *  shall be excluded." It does not appear that the commissioner of public works refused to certify in writing to the time of any delay, and therefore the court would have ignored the provision of the contract above referred to if it had allowed the jury to undertake the decision of a question which the parties agreed should be made by the commissioner. Until there has been an unreasonable refusal on the part of the commissioner, no other method of settling facts which it was agreed should be determined by him can be resorted to. As the case stands, it is immaterial whether, if the streets had been obstructed, the plaintiff could have completed his contract in time or not.

The court was not in error when it granted the motion to dismiss the complaint as to the second cause of action. The motion was made after the plaintiff had rested, and up to that time no evidence to sustain the cause of action had been offered by the plaintiff. The other questions in the cause are unimportant. The exceptions are overruled, and judgment is ordered for the defendant upon the verdict, with costs.

SEDGWICK, C. J., concurred.